UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-345-FDW
(3:92-cr-284-FDW-3)

| | | |
|---|---|---|
| DONALD JAY THOMAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1). Because Petitioner's motion is untimely, the Court will dismiss the motion to vacate.

I. BACKGROUND

On November 4, 1992, a multi-count indictment was filed against Petitioner and other co-defendants. Among the charges against Petitioner were counts alleging conspiracy to possess with intent to distribute and to distribute cocaine base and heroin, in violation of 21 U.S.C. §§ 841 and 846, and engaging in violent crimes in the aid of racketeering activity, in violation of 18 U.S.C. §§ 1959(a)(1) and 2, and U.S.C. §§ 1959(a)(3) and 2. On July 14, 1993, Petitioner pled guilty to the drug conspiracy, conspiracy to commit violent crimes in aid of racketeering activity, and the murders of Johnny Duncan and Michael Farquherson. This Court sentenced Petitioner to two, concurrent life sentences with a concurrent, three-year term. Petitioner appealed his sentence, challenging the drug amounts attributed to him and also contending that this Court erred when it applied an offense level of first-degree murder for Petitioner's violations of 18

1

U.S.C. §§ 1959(a)(1) and 2. Petitioner contended that he should have been sentenced, at most, for second-degree murder based on the charges against him. On December 14, 1994, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction and sentence in an unpublished opinion. United States v. Rozelle, 43 F.3d 1469 (4th Cir. 1994).

On June 6, 2014, Petitioner filed a pro se motion to reduce sentence under 18 U.S.C. § 3582. (Criminal Case No. 3:92-cr-284-FDW-3, Doc. No. 33). On June 8, 2014, this Court entered an order requiring the probation office to prepare a Supplemental Presentence Report to determine whether any retroactive amendments to the sentencing guidelines have any effect on Petitioner's sentence. (Id., Entry Dated June 8, 2014). Petitioner placed the instant petition in the prison system for mailing on June 16, 2014, and it was stamp-filed on June 24, 2014. Petitioner brings the following grounds for relief in the petition: Petitioner is actually innocent of the conviction of first-degree murder under the Supreme Court's opinion in Alleyne v. United States and that this Court exceeded the scope of its jurisdiction and violated Petitioner's due process rights when sentencing Petitioner based on first-degree murder.

**II. STANDARD OF REVIEW**

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter and the parties' briefs on Respondent's motion to dismiss, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III. DISCUSSION**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 to include a one-year limitations period for the filing of a motion to vacate. The limitation period runs from the latest of,

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Furthermore, petitioners whose convictions became final before the effective date of AEDPA, had until April 24, 1997, to file their petitions.

Here, Petitioner's judgment became final ninety days after the Fourth Circuit Court of Appeals affirmed his conviction on December 14, 1994. See Clay v. United States, 537 U.S. 522, 527 (2003). Furthermore, because Petitioner's conviction became final before the effective date of AEDPA, he had until April 24, 1997, to file his § 2255 motion to vacate. Petitioner placed the instant petition in the prison system for mailing on June 16, 2014, and it was stamp-filed in this Court on June 24, 2014. Petitioner's motion is, therefore, clearly untimely under § 2255(f)(1). Furthermore, none of the other subsections under § 2255(f) applies to render the petition timely. Petitioner contends that the petition is timely under § 2255(f)(3) because it was filed within one year of Alleyne v. United States, 133 S. Ct. 2151 (2013). Section 2255(f)(3)

does not apply to render the petition timely, as Alleyne has not been held to be retroactive on collateral review.

In sum, Petitioner's motion to vacate is time-barred. Finally, Petitioner has not presented sufficient grounds to warrant equitable tolling in this action. Petitioner asserts a vague claim of "actual innocence" under the Supreme Court's decision in McQuiggin v. Perkins, 133 S. Ct. 1924 (2013), but he falls woefully short of meeting the heavy burden required for equitable tolling based on actual innocence under Perkins.

### IV. CONCLUSION

For the foregoing reasons, the Court dismisses Petitioner's § 2255 petition as untimely.[1]

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED** as untimely.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must

---

[1] The Court is aware of the Fourth Circuit's directive in Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), that a court must warn a petitioner that his case is subject to dismissal before dismissing a petition as untimely filed when justice requires it. Here, however, such warning is not necessary because Petitioner addressed the statute of limitations issue in his petition, and his explanation indicates no confusion over the timeliness issue.

establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: June 28, 2014

Frank D. Whitney
Chief United States District Judge